IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND BLAKE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-072-JJF |
| DOUGLAS NEAL, JAY J. KING, WILLIAM BAKER, and TRAVIS LOWE, | : |
| Defendants. | : |

Raymond E. Blake, **Pro se** Plaintiff. Sussex Correctional Institution, Georgetown, Delaware.

**MEMORANDUM OPINION**

May 16, 2008
Wilmington, Delaware

*Joseph J. Farnan J* 
**Farnan, District Judge**

Plaintiff Raymond E. Blake ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 6.)

For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be granted leave to file an amended complaint.

I. **BACKGROUND**

Plaintiff was housed at a level four facility. Plaintiff alleges that on December 25, 2007, a fight broke out between two inmates, Defendant William D. Baker ("Baker") and David Thomas ("Thomas"). Plaintiff broke up the fight and Baker told the guards that had been "jumped" by Plaintiff and Thomas. Plaintiff alleges that Defendants Douglas Neal ("Neal"), Jay J. Ring ("Ring"), and Travis Lowe did not investigate the matter.

Plaintiff was arrested and transferred to a level five facility. Prior to this time he had been sentenced to ninety days level four, with no probation to follow sentence, and release on January 15, 2008. Due to the charges he "had to undergo intensive lockdown and excessive court procedures" before he obtained some relief. Plaintiff "believes" that he was

-1-

charged in retaliation for his other pending lawsuit, Civ. Action No. 07-230-JJF, based upon the following comment by Warden Robert George, "I said I would get you Mr Blake, didn't I." Plaintiff alleges that Defendants conspired with the defendants in Civ. Action No. 07-230-JJF.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.

Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual

-3-

matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

Plaintiff alleges in a conclusory manner that Defendants conspired to bring assault charges against him. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. Williams v. Fedor, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)). See also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights

-4-

must exist).

Initially, the Court notes that Baker, an inmate, is not a state actor. To state a claim under 42 U.S.C. §1983, Plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). Moreover, Plaintiff merely makes a blanket assertion of an entitlement to relief. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The conclusory allegations against Defendants are insufficient to satisfy the requirement elements of Plaintiff's conspiracy claim. Therefore, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

**IV. CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend his Complaint. An appropriate Order will be entered.